Filed 11/22/21  P. v. Ramirez CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ALIVER ANTONIO RAMIREZ,<br><br>Defendant and Appellant. | B311209<br><br>Los Angeles County<br>Super. Ct. No. BA021137 |

APPEAL from an order of the Superior Court of Los Angeles County, Charlaine F. Olmedo, Judge. Affirmed.

Edward J. Haggerty, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

In 1992, defendant Aliver Antonio Ramirez was convicted of second degree murder. He appeals from the denial of his petition for recall and resentencing under Penal Code section 1170.95. Defendant contends that the court engaged in improper fact-finding by relying on the opinion in his prior appeal. Based on the instructions at trial, however, the jury could not convict defendant of murder unless it concluded he acted with malice aforethought.[1] Because defendant could not have been convicted under a now-invalid theory of murder, he is ineligible for relief as a matter of law. We therefore affirm.

# BACKGROUND[2]

By information dated September 25, 1990, defendant was charged with one count of murder (Pen. Code,[3] § 187, subd. (a); count 1), three counts of assault with a firearm (§ 245, subd. (a)(2); counts 2–4), and one count of grand theft auto (former § 487; count 5). The information also alleged defendant personally used a firearm (§ 12022.5) in counts 1–4 and personally inflicted great bodily injury in counts 2–4.

After a trial, the jury convicted defendant of counts 1, 2, and 3, and found the related allegations true. It set the degree of murder at second degree. The jury acquitted him of counts 4 and 5. The court imposed an aggregate term of 23 years to life,

---

[1] The People's request for judicial notice, made in footnote 6 of the respondent's brief, is granted.

[2] Because the facts underlying the charges are not relevant to defendant's eligibility for relief in this case, we do not address them.

[3] All undesignated statutory references are to the Penal Code.

and a different panel of this court affirmed by unpublished opinion. (*People v. Ramirez* (Oct. 18, 1993, B066308) [nonpub. opn.].)

In May 2020, defendant filed a petition for recall and resentencing under section 1170.95. Defendant declared he was convicted of second degree murder at trial under the felony murder rule or the natural and probable consequences doctrine; he pled guilty to second degree murder in lieu of going to trial because he could have been convicted under one of those theories; and he could not be convicted of murder under current law. He requested the appointment of counsel.

Counsel was appointed to represent defendant. The prosecution filed an opposition to the petition arguing that defendant was the actual killer and had been convicted under a theory of malice aforethought. Defense counsel filed a reply. In January 2021, the court denied the petition by minute order.

The court's order states in relevant part:

> Pursuant to the facts set forth in the remittitur, defendant shot the murder victim at close range while the victim sat in his vehicle talking with the defendant. The murder victim tried to defend himself from the oncoming bullets from defendant's gun by helplessly throwing his hands in front of his face and telling defendant to stop once he saw defendant pull a gun from his waistband and point it at the victim. Despite this, defendant pulled the trigger nonetheless killing the victim. Defendant then proceeded to shoot at other people in the nearby vicinity. Defendant was identified by numerous people including those who had

personally known him for years as the actual shooter for the counts of conviction. On appeal, defendant never challenged the sufficiency of the evidence supporting his convictions. [Citation.]

Contrary to defendant's assertion in his petition, neither the felony murder doctrine nor the natural and probable consequences doctrine was relied upon in this case. Moreover, the jury found that defendant was the actual killer and harbored express malice.

Based upon the finding that defendant was the actual killer and the fact that felony murder and natural and probable consequences theories of liability were not relied upon by the jury, this court finds that defendant has set forth false assertions in his petition and has failed to make a prima facie showing that he is entitled to relief. This court further finds that defendant does not qualify for the relief requested. The petition is denied.

Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant contends that the trial court improperly weighed the evidence at the prima facie stage of proceedings by relying on the opinion in his prior appeal. We need not reach that issue, however, because the record of conviction establishes that defendant is ineligible for relief as a matter of law.

## 1. The Law of Murder and Senate Bill No. 1437

Murder is "the unlawful killing of a human being … with malice aforethought." (§ 187, subd. (a).) Malice may be express or implied. (§ 188.) Express malice is the intent to kill, whereas implied malice exists "where the defendant … acted with conscious disregard that the natural and probable consequences of [his or her] act or actions were dangerous to human life. [Citation.]" (*People v. Gonzalez* (2018) 5 Cal.5th 186, 197.) Although malice is an element of murder, when defendant was convicted in this case, the law allowed defendants who did *not* act with malice to be liable for murder under certain circumstances.

"First, under the natural and probable consequence[s] doctrine, a defendant who aids and abets a confederate in committing a crime (the target offense) is liable for other crimes committed by the confederate if those further crimes were natural and probable consequences of the target offense. [Citation.] Thus, under prior law, if the direct perpetrator of the target offense committed murder, and the murder was a natural and probable consequence of the target offense, then an aider and abettor of the target offense would be liable for the murder even if the aider and abettor did not act with malice. (*People v. Gentile* (2020) 10 Cal.5th 830, 845 ['until recently, when a person aided and abetted a nonhomicide crime that then resulted in a murder, the natural and probable consequences doctrine allowed him or her to be convicted of murder without personally possessing malice aforethought'].)" (*People v. Eynon* (2021) 68 Cal.App.5th 967, 973 (*Eynon*).)

Second, under prior California law, every accomplice to an enumerated felony could be convicted of first degree murder if a death occurred during the commission of that felony—regardless

of whether the accused killed or intended to kill. (See *People v. Dillon* (1983) 34 Cal.3d 441, 462–472.)

Senate Bill No. 1437 (S.B. 1437) was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) It accomplished this " 'by amending sections 188 and 189 to restrict the scope of first degree felony murder and to eliminate murder liability based on the natural and probable consequences doctrine. (Stats. 2018, ch. 1015, §§ 2–3.' [Citation.]

"Amended section 188 provides that, except for first degree felony murder, 'in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime.' (§ 188, subd. (a)(3).) The requirement that the principal act with malice eliminates all murder liability under the natural and probable consequences doctrine. [Citation.]

"Amended section 189 limits the first degree felony-murder rule by imposing new requirements for its application. The statute provides that, unless the victim is a peace officer killed in the line of duty, a defendant cannot be liable for first degree felony murder unless the defendant was the actual killer, acted with intent to kill, or was a major participant in the underlying felony and acted with reckless indifference to human life. [Citations.]" (*Eynon*, *supra*, 68 Cal.App.5th at pp. 973–974.)

## 2. Section 1170.95

In addition to changing the law of murder prospectively, S.B. 1437 gave people who had been convicted under one of the now-invalid theories of murder the opportunity to petition for resentencing under newly-enacted section 1170.95. (Stats. 2018, ch. 1015, § 4.) Section 1170.95, subdivision (a)(3), describes who may petition for resentencing under the statute. Subdivision (b) explains what information the petition must contain, where the petitioner must file it, who the petitioner must serve, and what the court should do if it's incomplete. Subdivision (c)—the section at issue here—describes the process the court uses to determine whether the petitioner is entitled to an evidentiary hearing: Appoint counsel, if requested; wait for the prosecutor's required response and the petitioner's optional reply; if the petitioner makes a prima facie showing that he or she is entitled to relief, issue an order to show cause. (*Lewis*, *supra*, 11 Cal.5th at p. 966.)

"While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) The court may deny a petition at this stage *only* if the petitioner is ineligible for relief *as a matter of law*. A petitioner is ineligible for relief as matter of law if the record of conviction shows that he or she *could not* have been convicted under any theory of liability affected by S.B. 1437— such as where malice aforethought was the only theory presented to the jury.

"In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of

discretion.' [Citation.]" (*Lewis*, *supra*, 11 Cal.5th at p. 972.) Instead, the record should be consulted at the prima facie stage only to determine " 'readily ascertainable facts,' " such as the crime of conviction and findings on enhancements. (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815; *Lewis*, at p. 972.) " '[T]he prima facie bar was intentionally and correctly set very low.' " (*Lewis*, at p. 972.)

If the petitioner establishes a prima facie entitlement to relief, the court must issue an order to show cause. Subdivisions (d)–(g) describe the procedures for holding an evidentiary hearing, the type of evidence that may be admitted, the burden of proof, and the requirements for resentencing an eligible petitioner.

We independently review the trial court's determination that defendant's record of conviction refuted his allegation that he is eligible for relief under section 1170.95. (*Eynon*, *supra*, 68 Cal.App.5th at p. 975.)

### 3. Defendant is ineligible for relief as a matter of law.

The jury in defendant's case was instructed that it could convict him of murder *only* if it found he acted with malice aforethought: "Murder of the second degree is the unlawful killing of a human being with malice aforethought when there is manifested an intention unlawfully to kill a human being but the evidence is insufficient to establish deliberation and premeditation." (CALJIC No. 8.30.) The jury was not instructed on felony murder, the natural and probable consequences doctrine, or aiding and abetting.

In addition, the jury was instructed that if defendant unlawfully killed the victim *without* malice based on a sudden quarrel or heat of passion, he could be convicted of voluntary

8

manslaughter. (See *People v. Rios* (2000) 23 Cal.4th 450, 460 [difference between murder and manslaughter is that "murder includes, but manslaughter lacks, the element of malice"].)

By convicting defendant of murder but rejecting manslaughter, the jury necessarily found that defendant acted with malice aforethought. Because the jury instructions and verdicts, without more, establish that defendant was convicted under a still-valid theory of murder, he is ineligible for section 1170.95 relief as a matter of law. (*Lewis*, *supra*, 11 Cal.5th, at pp. 971–972.) As such, the petition was properly denied.

**DISPOSITION**

The order denying defendant's section 1170.95 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:


EDMON, P. J.


KNILL, J.*

_____

* Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.